GARY RESTAINO
United States Attorney
District of Arizona
BENJAMIN GOLDBERG
New York State Bar No. 5346838
MARIA R. GUTIERREZ
Arizona State Bar No. 026659
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: ben.goldberg@usdoj.gov
Email: maria.gutierrez@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-23-00727-PHX-JJT |
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| Jorge Valdez, | |
| Defendant. | |

The United States hereby responds to Defendant Jorge Valdez's sentencing memorandum. In the sentencing memorandum, the Defendant objects to not receiving a three-level reduction for acceptance of responsibility (AOR). For the reasons below, the United States recommends that the Defendant receive the reduction for AOR pursuant to the plea agreement and requests that the Court sustain the Defendant's objection.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  FACTS

On January 26, 2023, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) were notified that the Defendant purchased two rifles worth about $12,046.79 from a licensed firearms dealer in Florida.  (PSR ¶ 6.)  The rifles were going to be shipped to Arizona.  *Id*. Agents believed it was a possible straw purchase.  *Id*.  After further investigation, it was determined that the Defendant did not list his true residential address on the ATF Form 4473.  *Id*.

The investigation further revealed that the Defendant purchased 13 firearms in addition to the two rifles between June 2022 and January 2023.  (PSR ¶¶ 9-13.)  A firearm purchased in January 2023 was recovered in Mexico in June 2023. (PSR ¶ 13.)  The Defendant did not list his true residential address on any of the 4473 forms that he completed to purchase these additional firearms.  (PSR ¶ 8.)

During an interview with ATF agents on January 31, 2023, the Defendant said that the unusual activity in his bank accounts was from gambling.  (PSR ¶ 15.) He also said that, although he had $600,000 in debt, he still had money from tomato farms in Mexico that he used to buy firearms.  *Id*.  Although the Defendant claimed to still have most of the firearms in his possession, he declined to show the firearms to agents.  (PSR ¶¶ 16-17.)

On May 9, 2023, a federal grand jury returned a four-count indictment charging the Defendant with False Statement During the Purchase of a Firearm. (Doc. 1.)  On May 24, 2023, the Defendant appeared in federal court for the instant offense.  (PSR ¶ 1.)  He was released on his own recognizance.  *Id*.

Four months later, on September 10, 2023, the Defendant was arrested on state armed robbery and theft charges.  (PSR ¶ 2.)  He was released pending trial on September 14, 2023.  *Id*.  On November 17, 2023, the Defendant was remanded into federal custody on the instant offense.  *Id*.

On February 22, 2024, the Defendant pleaded guilty pursuant to a written plea agreement. (PSR ¶ 4.) Pursuant to the plea agreement, the parties stipulated that the Defendant's sentence shall not exceed the low-end of the sentencing range. (Doc. 41 at 2.) The parties also stipulate that if the low-end is 12 months, then the stipulated sentence will be 12 months and a day. *Id*. The United States also agrees to recommend a three-level reduction for AOR "if the defendant makes full and complete disclosure to the U.S. Probation office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing". (Doc. 41 at 2-3.)

The Defendant's sentencing is set for May 6, 2023.

II.     PRESENT INVESTIGATION REPORT

Probation calculates the Defendant's base offense level at 12. (PSR ¶ 24.) Pursuant to United States Sentencing Guidelines (USSG) §2K2.1(b)(1)(B), four levels were added because the offense involved 15 firearms. (PSR ¶ 25.) Probation calculates the Defendant's offense level at 16, criminal history category (CHC) I (21 to 27 months). (PSR at 13.) Probation recommends a sentence of 21 months to be followed by three years of supervised release. *Id*.

III.    DEFENDANT'S OBJECTIONS TO THE PSR

The Defendant objects that he did not receive the three-level reduction for AOR as contemplated by the plea agreement. (Doc. 46 at 2.) The Defendant argues that Probation ignores "the plain language and commentary of USSG § 3E1.1, the plea agreement" and the Defendant's presumption of innocence for the new charges. *Id*. The United States recommends that the Defendant receive the reduction for AOR and asks the Court to sustain the Defendant's objection.

## IV. ARGUMENT

A defendant may receive a two-level reduction for AOR if pursuant to USSG § 3E1.1(a), the defendant "clearly demonstrates acceptance of responsibility for the offense". On motion of the government, a defendant receives an additional level if he qualifies for subsection (a) and if a defendant assists the government "in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to plead guilty". Commentary, Application Notes 1 provides a non-exhaustive list of considerations to determine if a defendant qualifies for AOR under subsection (a). Importantly, Application Notes 1(B) considers whether a defendant has voluntary terminated or withdrawn from criminal conduct or associations. Commentary, Application Notes 3 says the following:

> Entry of guilty plea prior to commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, truthfully admitting or not falsely denying any additional relevant conduct . . . will constitute significant evidence of acceptance of responsibility for purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

Commentary, Application Notes 5 notes that the sentencing judge is in the best position to "evaluate a defendant's acceptance of responsibility".

"A district court may, in its discretion, consider criminal activity unrelated to the offense of conviction in evaluating whether a defendant has voluntarily withdrawn from criminal conduct for purposes of granting a sentencing reduction for acceptance of responsibility." *United States v. Mara*, 523 F.3d 1036, 1038 (9th Cir. 2008) (upholding the denial of AOR when a defendant committed new crimes after pleading guilty, but prior to sentencing). A defendant may receive a reduction for AOR even if the defendant engages in criminal conduct prior to pleading guilty if the defendant admits to the offense conviction as well as to the relevant conduct. *See United States v. Hopper*, 27 F.3d 378, 383 (upholding reduction for AOR when

a defendant obstructed justice by burning evidence and trying to find false alibis prior to pleading guilty). However, it is more difficult for defendant to receive a reduction for AOR if the defendant engages in new criminal conduct after pleading guilty even if the defendant later shows remorse for the new criminal activity. *See United States v. Thompson*, 80 F.3d 368, 371 (9th Cir. 1996) (upholding the denial of AOR when a defendant absconded after pleading guilty); *United States v. Rosas*, 615 F.3d 1058, 1066-67 (9th Cir. 2010); *United States v. Shamburger*, 72 Fed. Appx. 554, 555 (9th Cir. 2003).

Here, the Defendant had his first court appearance on the instance offense on May 24, 2024. He was released pending trial. Less than four months later, on September 10, 2023, the Defendant was arrested on the armed robbery and theft charges. Four days later, he was released pending trial on those charges. On November 17, 2023, the Defendant was remanded into federal custody on the instant offense. On February 22, 2024, the Defendant pleaded guilty pursuant to a written plea agreement. In the plea agreement, the United States agrees to recommend that the Defendant receive a reduction for AOR in exchange for his guilty plea, if the Defendant makes a complete disclosure to Probation and if the Defendant demonstrates AOR up to and including the time of sentencing. Importantly, based on known information to the government, the Defendant has not engaged in new criminal activity since he pleaded guilty in February 2024. In fact, he has not engaged in new criminal activity since he was arrested in September 2023. Because the Defendant has been forthcoming with Probation, he has not engaged in new criminal activity, and to date he has shown that he accepts responsibility for the offense, the United States recommends that the Defendant receive the reduction for AOR. The United States also requests that the Court sustain the Defendant's objection. The United States understands and agrees that the district court is in the

best position to determine if in fact the Defendant has accepted responsibility for his actions.

Respectfully submitted this 30h day of April, 2024.

GARY RESTAINO
United States Attorney
District of Arizona

_s/Maria R. Gutierrez_
Maria R. Gutierrez
Benjamin Goldberg
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: Brian Fedrick Russo, Attorney for the Defendant.

*s/Maria R. Gutierrez*
U.S. Attorney's Office